# THE BALTIMORE BELT RAILROAD CO. *vs.* THE MAYOR and CITY COUNCIL OF BALTIMORE.

*Taxation of a Railroad Situated in the Territory Annexed to Baltimore City Under the Act of 1888, ch. 98.*

The preceding case of *United Railways, etc.,* v.\*Baltimore City* is conclusive against the claim of exemption from taxation at the city rate after the year 1900 of that part of the railway of the appellant which runs through the territory annexed to Baltimore City under the Act of 1888, ch. 98.

Appeal from a *pro forma* order of Baltimore City Court.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE and JONES, JJ.

*Geo. Dobbin Penniman* (with whom were *Hugh L. Bond* and *F. J. Griffith* on the brief), for the appellant.

*Wm. Pinkney Whyte* and *Charles W. Field,* for the appellee.

PEARCE, J., delivered the opinion of the Court.

This is an appeal by the Baltimore Belt Railroad Company against the Mayor and City Council of Baltimore from a *pro forma* order and judgment of the Baltimore City Court, dismissing an appeal filed by the Railroad Company under sec. 170, of the New Charter of Baltimore, from a ruling made by the Appeal Tax Court of Baltimore, fixing the rate at which certain portions of its right of way in that part of the city annexed under ch. 98 of Acts 1888, and known as the "Belt," should be taxed for city purposes for the year 1900. The question involved is the same considered and decided at this term in the case of the *United Railways and Electric Company of Baltimore* against *The Mayor and City Council of Baltimore, ante* p.    This case was tried upon an agreed statement of facts similar in all respects, except as to the mileage concerned, to the agreed statement of facts in the case

just mentioned, and the two appeals were argued together in this Court.

Of the total mileage of this road, 3.19 miles are located within the Belt, and of these 3.19 miles, 2.35 miles are situated in portions which have no avenues, streets or alleys opened or constructed through the same, and where the blocks of ground through which the road runs have not on each of them, six dwellings or store-houses ready for occupation. It is clear that this case must be determined upon the same reasons and considerations which governed us in the decision of the appeal of the United Railways and Electric Company of Baltimore. It does not appear in the record, though it was stated without objection at the argument that the Baltimore Belt Railroad is a steam road beginning at Camden Station in the central part of the city and running to Bay View Junction in Baltimore County, a little beyond the city limits; and that it forms a part of the trunk line between Washington and New York, having no station within the Belt, and practically no local travel whatever.

This is, therefore, a weaker case than that of the United Railways and Electric Company, since the argument based upon the consideration of local travel which was made and considered in the former case, cannot be made here.

For the reasons given in the appeal of the United Railways and Electric Company the order and judgment of the Baltimore City Court in this appeal will be reversed and the cause be remanded, to the end that an order may be passed directing and requiring the Comptroller of the City of Baltimore to repay to the petitioner the sum of $504.96 with interest thereon from the date of its payment by the petitioner, that being the difference between the amount paid and that which should have been paid.

> *Order reversed and cause remanded—*
> *with costs to the appellant above and*
> *below, that an order may be passed*
> *in conformity with this opinion.*

(Decided June 14th, 1901.)